UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


ELAINE MANGANO                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO.1:06CV724 LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY
and STEPHEN RICHARD SAUCIER                                                       DEFENDANTS


**MEMORANDUM OPINION**

The Court has before it the motion of Plaintiff Elaine Mangano (Mangano) to remand this action to the Circuit Court of Harrison County, Mississippi.

This is an action to recover for property damage that occurred during Hurricane Katrina.  Mangano is insured under a policy of homeowners insurance issued by Defendant State Farm Fire & Casualty Company (State Farm).  Mangano purchased her State Farm policy through Defendant Stephen Richard Saucier (Saucier), who is a local insurance agent authorized to solicit business for State Farm.  Mangano is also insured under a policy of flood insurance issued by State Farm under the National Flood Insurance Program.

Both Mangano and Saucier are resident citizens of Mississippi.  Removal was premised on State Farm's contention that Mangano has fraudulently or improperly joined Saucier as a defendant in order to deprive State Farm of a federal forum.  State Farm contends that this action is actually a dispute between Mangano and State Farm over the benefits payable under the State Farm policy.  State Farm contends that the allegations Mangano makes against Saucier are insufficient to state a cause of action against Saucier individually under applicable Mississippi law.

Fraudulent or improper joinder is an issue on which State Farm has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).  In essence, this is an inquiry similar to that which applies to a motion to dismiss under Rule 12(b)(6).

The complaint alleges a cause of action against Saucier for negligence. The allegations against Saucier are set out in Paragraph 19 of the complaint:

> 19. In selling this insurance policy to Plaintiff, State Farm's agent Steve Saucier within the course and scope of his employment with State Farm negligently advised Plaintiff regarding flood insurance on the insured residence. When renewing the policy in 2004, Steve Saucier advised Plaintiff to drop the flood insurance that she carried on her home as, in the opinion of Mr. Saucier, it was unnecessary. Such an opinion from a person in the position of Mr. Saucier was clearly negligent. The flood insurance provided by the National Flood Insurance Program provided coverage for only half of the value of Plaintiff's residence and contents. Instead of advising Plaintiff to drop the flood coverage, Mr. Saucier should have advised Plaintiff to *increase* the flood coverage on her residence. If as State Farm contends, Plaintiff's home was completely destroyed by water, which it was not, Mr. Saucier, individually, and State Farm, through respondeat superior, are liable to Plaintiff for any and all losses resulting from flood damage for which there was no coverage. (Emphasis in original)

If these allegations are sufficient to allege a cause of action against Saucier, this action must be remanded because the complete diversity of citizenship necessary to establish subject matter jurisdiction under 28 U.S.C. §1332 is lacking.

> The limits of coverage under Mangano's State Farm homeowners policy are:
> Dwelling          $77,800
> Personal Property    58,350
>
> The limits of coverage under Mangano's State Farm flood policy are:
> Dwelling          $57,700
> Personal Property    15,900

Mangano apparently declined to follow the advice Saucier allegedly gave her to drop her flood insurance coverage. Thus, this advice is not actionable in and of itself since the plaintiff did not accept and follow this advice. Mangano goes further, however, and alleges that Saucier should have advised her to increase her flood coverage. Thus, as I appreciate Mangano's allegations against Saucier, she contends that she has been harmed by Saucier's failure to properly advise her of her need for more flood insurance coverage. Mangano contends that this inaction on Saucier's part is a breach of the standard of care that would apply to Saucier in the circumstances that existed at the time these insurance policies were renewed in 2005. These allegations concern the procurement of flood insurance coverage, rather than the adjustment or administration of a flood insurance policy. A claim based on the failure to procure flood insurance does not give rise to federal jurisdiction under the National Flood Insurance Act. *Seruntine v. State Farm Fire & Cas. Co.*, 444 F.Supp.2d 698 (E.D.La.2006).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Whether the duty of reasonable care makes it incumbent on an agent to advise a customer concerning the amounts and types of coverage the customer should purchase is a question of fact that depends on the relationship between the agent and the customer, the circumstances and course of dealings between them, and many other facts which may have a bearing on this issue.  Similarly, the standard of care that applies to an individual in Saucier's position has not been definitively established in this record.  Thus this standard of care remains an open issue in this case.  These are all fact-specific inquiries.

While I express no opinion on the merits of Mangano's claim against Saucier, it does appear to me that under the applicable legal standard she has stated a cause of action for negligence that is sufficient to withstand a motion to dismiss under Rule 12(b)(6).  Whether Mangano can ultimately meet her burden of proof with respect to this cause of action is a question that is not before me.

Accordingly, I am of the opinion that Saucier has not been fraudulently or improperly joined in this action.  I have read the affidavit submitted by Saucier, and while this affidavit contradicts some of the allegations and inferences that support Mangano's negligence claim, the affidavit does not negate all the material allegations of the complaint, and the affidavit does not purport to establish the standard of care that governs Saucier's professional conduct.

I will grant Mangano's motion to remand.  An appropriate order will be entered.

Decided this 29th day of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge